IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04-60053-1-AA |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| JUAN ARMANDO PEREZ-ROSALES, | |
| Defendant. | |

AIKEN, Judge:

Defendant, appearing *pro se*, moves for a second time to vacate and/or modify his sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

On May 12, 2005, defendant pled guilty to distributing 50 or more grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). Specifically, defendant admitted distributing and

1   - OPINION AND ORDER

possessing with the intent to distribute more than 150 grams (but less than 500 grams) of actual methamphetamine. See Plea Petition, pp. 12-13. On August 5, 2005, defendant was sentenced to a 63-month term of imprisonment, even though the government and the U.S. Probation Office recommended a sentence of 87 months. Defendant did not appeal his conviction or sentence.

On September 29, 2005, defendant filed his first § 2255 motion, arguing that he was entitled to downward departures based on post-conviction rehabilitation and his status as a deportable alien, and that he received ineffective assistance of counsel at sentencing. I denied the motion, finding that defendant could not challenge nonconstitutional sentencing errors if defendant had not challenged his sentence previously. Further, I found that defendant presented no evidence to support his claim of ineffective assistance of counsel.

On July 6, 2006, defendant filed his present § 2255 motion. Defendant again raises a claim for ineffective assistance of counsel, this time arguing that his attorneys failed to investigate the government's case against him. Defendant also argues that he is entitled to relief pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), presumably on grounds that his sentence was based on facts neither admitted by him nor found by a jury beyond a reasonable doubt. Finally, defendant argues that the government violated Article 36 of the Vienna Convention by failing

2   - OPINION AND ORDER

to inform the relevant foreign consular of defendant's arrest. Defendant's motion is without merit.

A second or successive motion seeking to vacate or modify a defendant's sentence is not permitted to be filed in the district court until "the applicant [moves] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A) and 2255. Defendant has already filed a motion to vacate or correct his sentence; therefore, defendant must seek authorization to file a second or successive § 2255 motion from the Ninth Circuit Court of Appeals.

Furthermore, defendant admitted distributing more than 150 grams of actual methamphetamine. Therefore, defendant was sentenced based on facts admitted by him, and Booker is inapplicable. Likewise, defendant fails to establish ineffective assistance of counsel. Defendant presents no evidence that his attorneys failed to investigate the case against him, and I again note that defendant received a sentence 24 months less than that requested by the government and recommended by the U.S. Probation Office. Defendant maintains that counsel "promised" that if he pled guilty, defendant would receive a sentence of four years. However, an erroneous sentencing prediction by counsel is not ineffective assistance of counsel. United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir. 1991); United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990).

3    - OPINION AND ORDER


Finally, the government's failure to advise the Mexican consulate of defendant's arrest cannot be challenged in a § 2255 motion when it was not raised before this court or on direct appeal. <u>United States v. McMullen</u>, 98 F.3d 1155, 1157 (9th Cir. 1996).

## CONCLUSION

For these reasons, defendant's successive Motion Under 28 U.S.C. § 2255 to Correct, Set Aside, or Vacate Sentence (doc. 37) is DENIED.

IT IS SO ORDERED.

Dated this  //  day of August, 2006.

_____
Ann Aiken
United States District Judge